IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

THEOTIS GOODWIN HILDEBRAND                                                      PLAINTIFF

v.                                   Civil No. 1:18-cv-1058

JAIL ADMINISTRATOR PAUL KUGLER;
SERGEANT COTTON; CORPORAL HIGHTOWER;
NURSE SHERRI RICE; LIEUTENANT
JOHNNY WARD; CAPTAIN MITCHAM; and
SHERIFF RICKY ROBERTS                                                           DEFENDANTS

# ORDER

Before the Court is Plaintiff Theotis Goodwin Hildebrand's failure to obey an order of the Court. Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on September 28, 2018. (ECF No. 1). His application to proceed *in forma pauperis* ("IFP") was granted that same day. (ECF No. 3). A review of Plaintiff's Complaint revealed that he failed to specify what each named Defendant did or failed to do that violated his constitutional rights. As a result, on September 28, 2018, the Court entered an order directing Plaintiff to file an Amended Complaint by October 19, 2018. (ECF No. 7). Plaintiff was advised in this order that failure to submit an Amended Complaint by the Court's imposed deadline would subject this case to dismissal. To date, the order has not been returned to the Court as undeliverable and Plaintiff has not submitted an Amended Complaint.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently

> . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey an order of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 7th day of November, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge